UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACQUELINE ZULEIMA ROJAS SOSA, | Case No. 26-cv-01706-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jacqueline Zuleima Rojas Sosa is a 29-year-old citizen of Mexico who entered the United States without inspection 23 years ago as a six-year-old. Dkt. 1 ¶ 15. She was granted "Deferred Action for Childhood Arrivals" ("DACA") status on August 23, 2013. *Id*. This status expired on August 8, 2024 and no application to renew it is pending. *Id*. On September 5, 2024, Petitioner was arrested and charged in Oregon state court with Arson in the First Degree in a case that has yet to be resolved. *Id*. ¶ 43.

On December 9, 2025, after receiving notice of Petitioner's arrest, Immigration and Customs Enforcement ("ICE") agents issued an administrative warrant for her arrest. Dkt. 8-3 at 2. On April 7, 2026, ICE agents arrested Petitioner at her home. *Id*. ¶ 16. Since that date, Petitioner has been detained at the Northwest Immigration and Customs Enforcement Processing

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Center in Tacoma, Washington. *Id*. ICE has initiated removal proceedings against Petitioner who has not yet had a bond hearing before an Immigration Judge ("IJ"). *Id*. ¶¶ 16, 45.

On May 18, 2026, Petitioner filed this petition for writ of habeas corpus, arguing primarily that her mandatory detention violates the Immigration and Nationality Act ("INA") because she is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 5, 51. On June 2, Respondents filed a return to the habeas petition. Dkt. 7. On June 8, Petitioner filed a traverse. Dkt. 12 The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that her mandatory detention under § 1225(b)(2) is unlawful because it violates the Immigration and Nationality Act and the Due Process Clause of the Constitution.[1] Dkt. 1 ¶¶ 5, 51, 54. Petitioner also argues that her detention violates the Fourth Amendment of the Constitution. *Id.* ¶ 55. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 7 at 5.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner's Fourth Amendment claim, stated in a single sentence of her petition, *see* Dkt. 1 ¶ 55, is not cognizable in a habeas petition. *See, e.g.*, *Hernandez v. Scott*, No. C26-0759-JLR, 2026 WL 933361, at *4 (W. D. Wash. April 7, 2026) ("[A habeas petition] is not . . . the appropriate mechanism to challenge the legality of [an] arrest."). But because Petitioner's mandatory detention under § 1225(b) violates the INA, she is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

---

[1] Petitioner raises the due process issue generically in a single sentence in her petition. *See* Dkt. 1 ¶ 54. She then devotes three pages in her traverse to arguing for the first time that in arresting and detaining her without a prior hearing on April 7, 2026, ICE violated her due process rights under the Constitution. Dkt. 12 at 3–5. The Court declines to address an argument made for the first time in a traverse. However, the Court notes that the cases cited by Petitioner arise in the context of noncitizens who were released by the government pending their removal proceedings and then had their orders of release revoked. Although she previously had DACA status, Petitioner had not been granted any form of conditional liberty at the time of her arrest and is not similarly situated.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Finally, the Court takes note of Petitioner's argument, also raised for the first time in her traverse, that if this Court orders a bond hearing before an IJ, the IJ will likely deny bond based on a frivolous finding of flight risk. Dkt. 12 at 5-7. Petitioner attaches to her traverse affidavits from a dozen immigration lawyers who describe a nationwide trend of immigration judges denying bond without justification. Dkt. 12-1 at 2–62. The Court declines to act prospectively on this matter but points out that if an IJ abuses their discretion when applying the law to Petitioner's request for bond, Petitioner may seek relief through an appeal to the Board of Immigration Appeals or (if exhaustion may be waived) in a subsequent habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024) (determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Jacqueline Zuleima Rojas Sosa's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.    Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Dated this 30th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5